IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DONNY LANDRY** :
:
:
Plaintiff : No.
:
vs. :
:
**AMERICAN WIND TRANSPORT** :
**GROUP, LLC** :
:
: CIVIL ACTION
Defendant :

## COMPLAINT

The above Plaintiff brings this action against the above Defendant to recover the sum of **$301,059.17**, with interest thereon as hereinafter stated, upon the following cause of action:

### *Parties*

1. Plaintiff, **DONNY LANDRY**, is an adult individual and a resident of the State of Louisiana with a primary place of business located at 2911 Highway 70 South, Pierre Part, LA 70339.

2. Upon information and belief, Defendant, **AMERICAN WIND TRANSPORT GROUP, LLC**, is a Pennsylvania limited liability company with a primary place of business at 100 Industry Dr., Pittsburgh, PA 15275.

### *Jurisdiction*

3. Jurisdiction of this Court is proper under 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy.

### *Venue*

4. Venue in this Court is proper under 28 U.S.C. § 1391, as the Defendant is a resident of this judicial district.

## COUNT I

### *Line Haul Services*

5. On or about July 26, 2017, the parties entered into a Broker-Carrier Agreement ("Agreement") and a Wind Turbine Component Transportation Addendum ("Addendum"). True and correct copies of which are attached hereto, made a part hereof and collectively marked Exhibit "A".

6. At Defendant's request, pursuant to the terms and conditions set forth in the Agreement and/or Addendum, Plaintiff rendered to Defendant certain shipping/transportation services in the total amount of $574,975.00, as set forth in the invoices referenced in Defendant's statement of account taken from Plaintiff's business records, a true and correct copy of which is attached hereto, made a part hereof and marked Exhibit "B."

7. The prices charged for the aforesaid services are just and reasonable and are those which Defendant promised to pay Plaintiff.

8. Defendant received said services.

9. Defendant accepted said services.

10. Defendant did not reject said services.

11. Defendant did not dispute the quality of said services.

12. Defendant has paid Plaintiff in part for said services in an amount totaling $501,156.24, as set forth in the statement of payments/credits taken from Plaintiff's business records attached hereto, made part hereof and marked Exhibit "C."

13. Defendant has not paid Plaintiff in full for said services.

14. Defendant's failure to pay Plaintiff for the services rendered constitutes a breach of the Agreement and/or the Addendum.

15.   A total principal amount which became due for the above-referenced services, after allowance for all proper credits for payments and/or adjustments, if any, was $73,818.76.

16.   Plaintiff is also entitled to receive interest on the above amount determined by applying the statutory interest rate of 6.00% *per annum* to the past due balance, which totals $813.02 as of February 9, 2018.

17.   Plaintiff is entitled to have the 6.00% interest charge continue to accrue as set forth above, from February 9, 2018 on down to the date of judgment in this matter.

18.   Plaintiff has made demand against Defendant for the aforesaid sums, but Defendant failed or refused to pay the same or any part thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant for **$74,631.78** together with the continually accruing interest charge at the statutory rate of 6.00% *per annum* from February 9, 2018, costs of suit, attorneys' fees and all other relief to which Plaintiff may be entitled.

### COUNT II

#### *Unjust Enrichment*

19.   Plaintiff incorporates the allegations of every paragraph enumerated above of this Complaint as if said paragraphs were fully set forth here at length.

20.   At the request of Defendant, Plaintiff conferred a benefit upon Defendant by providing the shipping services described in the exhibits attached hereto.

21.   Defendant received and accepted the benefit of said services provided by Plaintiff.

22.   At all times material hereto, Defendant was aware that Plaintiff was providing the aforesaid services to Defendant and that Plaintiff expected to be paid for such.

23.   At all times material hereto, Defendant, with the aforesaid knowledge, permitted Plaintiff to provide said services and to incur damages.

24. At all times material hereto, Defendant was unjustly enriched by retaining the benefit of receiving said services without paying Plaintiff fair and reasonable compensation.

25. Allowing Defendant to retain the benefit of said services without paying fair compensation would be unjust.

26. By reason of the aforesaid unjust enrichment of Defendant at Plaintiff's expense, an implied contract exists between Plaintiff and Defendant and Defendant is obligated to pay Plaintiff the *quantum meruit* value of the services described in the exhibits attached hereto in the amount of $73,818.76

**WHEREFORE**, Plaintiff demands judgment against Defendant for **$73,818.76** together with the continually accruing interest charge at the statutory rate of 6.00% *per annum* from February 9, 2018, costs of suit and all other relief to which Plaintiff may be entitled.

## COUNT III

### *Detention*

27. Plaintiff incorporates the allegations of every paragraph enumerated above of this Complaint as if said paragraphs were fully set forth here at length.

28. In connection with many of the shipping/transportation services set forth in Count I above, Plaintiff also incurred detention costs in an amount totaling $251,350.00, as set forth in the statement of detention charges taken from Plaintiff's business records attached hereto, made part hereof and marked Exhibit "D."

29. Defendant has paid Plaintiff in part for the detention charges in an amount totaling $27,437.65, as set forth in the second statement of payments/credits taken from Plaintiff's business records attached hereto, made part hereof and marked Exhibit "E."

30. Defendant has not paid Plaintiff in full for said detention charges.

31. Upon information and belief, Defendant has been paid in full by the shipper on the subject project.

32. Accordingly, Defendant's failure to pay Plaintiff for the detention charges constitutes a breach of the Agreement and/or the Addendum.

33. A total principal amount which became due for the above-referenced detention charges, after allowance for all proper credits for payments and/or adjustments, if any, was $223,912.35.

34. Plaintiff is also entitled to receive interest on the above amount determined by applying the statutory interest rate of 6.00% *per annum* to the past due balance, which totals $2,502.94 as of February 9, 2018.

35. Plaintiff is entitled to have the 6.00% interest charge continue to accrue as set forth above, from February 9, 2018 on down to the date of judgment in this matter.

36. Plaintiff has made demand against Defendant for the aforesaid sums, but Defendant failed or refused to pay the same or any part thereof.

**WHEREFORE**, Plaintiff demands judgment against Defendant for **$226,415.29** together with the continually accruing interest charge at the statutory rate of 6.00% *per annum* from February 9, 2018, costs of suit, attorneys' fees and all other relief to which Plaintiff may be entitled.

AMATO KEATING AND LESSA, P.C.
By:

John R. Keating, Esq., PA Atty ID #52779
Attorney for Plaintiff
102 North Commerce Way
Bethlehem, PA 18017
(610) 866-0400